UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>STANFORD UNIVERSITY,<br><br>    Defendant. | Case No.16-cv-06826-BLF (SVK)<br><br>**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE AND TO DENY DEFENDANT'S REQUESTS FOR LEAVE**<br><br>Re: Dkt. No. 16 |

Plaintiff Linda Thompson ("Plaintiff") sues Defendant Stanford University ("Defendant") for employment discrimination and wrongful termination. Now before the Court is Defendant's motion to dismiss the complaint for improper service and request for leave to file successive Rule 12 motions. ECF 16. The district court referred the motion to the undersigned judge on May 2, 2017. ECF 21. Having reviewed the submissions, the Court recommends that the District Court DENY the motion to dismiss and DENY the request for leave for the reasons listed below.

**I.  BACKGROUND**

Plaintiff was terminated from her position at Stanford University's Department of Pathology on January 26, 2014. She alleges that her termination was a result of discrimination based on retaliation, age, and disability. On October 17, 2014, Plaintiff filed a complaint with the EEOC. On October 22, 2014, the DFEH issued Plaintiff a right to sue notice which notified her of her right to file suit in state court within one year, tolled during the pendency of the EEOC investigation. The EEOC complaint was closed on August 31, 2016. Plaintiff filed her complaint in the district court on November 28, 2016, within 90 days of the close of the EEOC complaint. ECF 1. On January 20, 2017, Plaintiff filed a first amended complaint ("FAC"). ECF 5. On

March 7, 2017, Plaintiff filed an ex parte motion for relief from the case management schedule because she had not yet served the operative complaint. ECF 6. Plaintiff's motion reflected her reliance on the previous version of Rule 4,[1] which allowed 120 days for service. ECF 6 at 2. On March 9, 2017, the Court granted Plaintiff's motion for relief and continued the case management conference to June 1, 2017. ECF 9. On March 10, 2017, Plaintiff served the FAC. ECF 13.

On March 24, 2017, the District Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. ECF 11. On March 27, 2017, Plaintiff responded to the Court's Order to Show Cause, explaining that counsel was unaware of changes to Rule 4(m), which as of December 1, 2015, shortened the time for service from 120 days to 90 days from the filing of the original complaint. ECF 12 at 2. Plaintiff explained that service of the amended complaint had been completed on March 10, 2017. ECF 12 at 2. Plaintiff also filed a returned summons on March 27, 2017, indicating Plaintiff's attorney completed personal service on March 10, 2017. ECF 13.

On March 29, 2017, Defendant filed its Rule 12(b)(5) motion to dismiss for untimely service. ECF 16. Defendant argues the complaint should be dismissed because Plaintiff served her FAC eleven days beyond the 90-day requirement of Rule 4(m). Defendant also challenges the validity of Plaintiff's First Amended Complaint ("FAC"), because Plaintiff filed her FAC before she executed service of the original complaint. Finally, Defendant seeks leave to file another motion to dismiss under Rules 12(b)(1), Rule 12(b)(6), Rule 12(e), and Rule 12(f).

## I. DEFENDANT'S 12(B)(5) MOTION TO DISMISS

### a. Legal Standard

Rule 4(m) requires defendants to be served within 90 days after the complaint is filed. The rule encourages efficient litigation by minimizing the time between commencement of an action and service of process. As such, it implements the mandate in Rule 1 to make "a just, speedy, and inexpensive determination of every action." Filing an amended complaint does not reset the clock for service of a defendant that has been named in the original complaint. *See* ECF 11 at 1;

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure.

*Leonard v. Stuart-James Co.*, 742 F. Supp. 653, 662 (N.D. Ga. 1990).

The Court lacks jurisdiction over defendants who have not been properly served. *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Accordingly, Rule 12(b)(5) allows the defendant to attack the manner in which service was, or was not, attempted, and permits a court to dismiss an action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5). When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

However, the Ninth Circuit has held that the provisions of Rule 4 should be given a liberal and flexible construction. *See United Food & Commercial Workers Union Local 197 v. Alpha Beta Food Co.*, 736 F.2d 1371 (9th Cir. 1984). "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). More particularly, the Court "must extend time for service upon a showing of good cause" by Plaintiff. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). A plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Absent good cause, courts have discretion "to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d at 513. The Ninth Circuit has not set forth specific factors to consider in making discretionary determinations under Rule 4(m). *Id*. The Ninth Circuit has noted, however, that "a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041.

### b. Analysis

Plaintiff has failed to establish good cause for her failure to affect service within 90 days of filing her original complaint. Plaintiff filed her original complaint on November 28, 2017, making February 27, 2017 the deadline for service of the complaint. Plaintiff filed her FAC on January

3

20, 2017, but did not serve it until March 10, 2017. Plaintiff does not dispute the untimeliness of service. Plaintiff argues that her counsel's "press of business" and ignorance of the rule change should be enough to establish good cause. However, the rule change went into effect nearly one year prior to the date Plaintiff filed her complaint.[2] Such ignorance is not excusable neglect that rises to the level of good cause. *See Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir. 1985) (neither inadvertence of counsel nor plaintiff's desire to amend his complaint before service constitute good cause); *Ruley v. Nelson,* 106 F.R.D. 514, 518 (D. Nev. 1985) (counsel's ignorance of Rule 4 did not constitute good cause). Furthermore, the only "business" that Plaintiff cites to excuse her delay is her counsel's filing of a state appellate court brief. Without further details, the court cannot speculate as to the magnitude of such a filing. Therefore, the Court finds that Plaintiff has not established good cause for failure to execute service within 90 days of filing her original complaint.

Despite Plaintiff's failure to establish good cause, the Court recommends that the District Court exercise its discretion to retroactively extend the time for service. Preliminarily, the Court notes that the length of the delay in service weighs in favor of granting an extension. Plaintiff missed the 90 day deadline for service by eleven days, which stands in stark contrast to other cases where the court declined to exercise its discretion. *Cf. e.g., Efaw*, 473 F.3d at 1041 (holding district court abused its discretion when it exercised its discretion in case where complaint was served seven years beyond the time allowed under Rule 4).

Defendant asserts that it is prejudiced by the eleven-day delay because of the years that have passed since the events on which the lawsuit is based. Defendant argues that Plaintiff was terminated in 2014, nearly three years prior to her filing of the suit, and that her complaint includes events from as far back as 2011. These facts, however, do not establish a nexus between Defendant's alleged prejudice and the additional eleven days. Defendant does not, presumably because it cannot, assert that it would have done anything differently had Plaintiff affected timely service. *See Higley v. Cessna Aircraft Co.*, No. CV103345GHKFMOX, 2012 WL 12878652, at

---

[2] The change of Rule 4(m) that shortened the service requirements from 120 days to 90 days went into effect on December 1, 2015. Plaintiff filed her complaint on November 28, 2016.

4

*3 (C.D. Cal. Sept. 18, 2012) ("To establish prejudice, Defendant must show what it would have done differently had Plaintiff timely effected service.") (citing *Lemoge*, 587 F.3d at 1196; *Efaw*, 473 F.3d at 1041).

Conversely, Plaintiff would be severely prejudiced if the case were dismissed. Of Plaintiff's eleven causes of action, eight would be time-barred, and she would be prohibited from refiling. *See* ECF 19 at 5-7; *Lawrence v. City & Cty. of San Francisco*, No. 14-CV-00820-MEJ, 2016 WL 5869760, at *5 (N.D. Cal. Oct. 7, 2016) (court exercised discretion where plaintiff's claims would have been time barred); Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action. . ."). Therefore, the Court concludes that a retroactive extension of time to execute service is warranted and recommends the District Court exercise its discretion as such.

## II. PLAINTIFF'S FAC IS THE OPERATIVE COMPLAINT

Defendant questions the validity of Plaintiff's FAC in light of the fact that Plaintiff amended her complaint before serving it on Defendant. The Court recommends that Defendant be instructed to treat the FAC as the operative complaint.

Under Rule 15(a), a party may amend its pleading once as a matter of course within (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Once filed, an amended complaint supersedes the original complaint in its entirety. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Here, Plaintiff amended her complaint before serving Defendant, and was allowed to do so as a matter of right under Rule 15(a)(1). *See* Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment ("[T]he right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f)."); *Ramirez*, 806 F.3d at 1007 (collecting cases); *Green v. Southfield*, No. 15-13479, 2016 WL 692529, at *4 (E.D. Mich. Feb. 22, 2016) (holding that Rule 15 does "not require the original complaint to be served in order to trigger the right to make one

5

1  amendment as a matter of course"). Therefore, Defendant should be directed to respond to
2  Plaintiff's FAC.

### III.     LEAVE TO FILE SUCCESSIVE RULE 12 MOTIONS

In the present motion before the Court, Defendant moves to dismiss pursuant to Rule 12(b)(5) for untimely service under Rule 4(m). Defendant also seeks leave to file motions pursuant to Rule 12(b)(1) (motion to dismiss for lack of subject matter jurisdiction), Rule 12(b)(6) (motion to dismiss for failure to state a claim), Rule 12(e) (motion for a more definite statement), and Rule 12(f) (motion to strike "stray allegations"). ECF 16 at 7-8. Defendant's request calls for a reasoned, if tedious, review of Rule 12.

Rule 12(g)(2) provides that a party that makes a motion under Rule 12 cannot make a subsequent Rule 12 motion raising a defense or objection that was available to the party but omitted from its earlier motion. Further, Rule 12(h)(1) provides that failure to raise objections under Rule 12(b)(2)-(5) results in a complete waiver of those defenses. However, Rule 12(h)(2) allows a party to raise the defense of failure to state a claim upon which relief can be granted a) in any pleading allowed or ordered under Rule 7(a); b) by a motion under Rule 12(c); or c) at trial. *See In re Apple Iphone Antitrust Litig.*, 846 F.3d 313, 318–19 (9th Cir. 2017) (interpreting Rules 12(g)(2) and 12(h)(1)-(2)). Similarly, under Rule 12(h)(3), the court may dismiss the action at any time for lack of subject matter jurisdiction. *See Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012). Notably, no such exception exists for motions under Rules 12(e) and 12(f). *See* 2–12 Moore's Fed. Prac.-Civ. § 12.21 (noting that "Rule 12(g)'s consolidation requirement applies not only to Rule 12(b) defenses, but also to a motion for more definite statement under Rule 12(e) and to a motion to strike under Rule 12(f)"); *see also Md. Cas. Co. v. Shreejee Ni Pedhi's, Inc.*, No. 3:12-CV-121-J-34MCR, 2012 WL 4009605, at *2 (M.D. Fla. June 27, 2012), *report and recommendation adopted*, No. 3:12-CV-121-J-34MCR, 2012 WL 4009594 (M.D. Fla. Sept. 12, 2012) (collecting cases). As a result, for the reasons set forth below, the Court recommends that the District Court deny Defendant's request for leave to file motions under Rule 12(b)(1), Rule 12(b)(6), Rule 12(e), and Rule 12(f).

First, leave is not required for Defendant to file a Rule 12(b)(1) motion for lack of subject

matter jurisdiction. Under Rule 12(h)(3), such a motion may be made "at any time." Therefore, the Court denies the request for leave, as leave is not necessary to file a Rule 12(b)(1) motion. *See Wood*, 678 F.3d 1082.

Second, in its request for leave, Defendant explains the basis for its anticipated Rule 12(b)(6), Rule 12(e), and Rule 12(f) motions. ECF 16 at 7-8. These descriptions, albeit brief, demonstrate that these defenses and objections were available to Defendant at the time it filed the instant Rule 12(b)(5) motion. Therefore, under Rule 12(g)(2), Defendant cannot file these successive Rule 12 motions. However, the analysis as to Defendant's Rule 12(b)(6) request is not yet complete.

Under Rule 12(h)(2), Defendant has not waived its defense of failure to state a claim upon which relief can be granted, although failure to raise the defense in its current 12(b)(5) motion prevents Defendant from raising it in a subsequent, pre-answer Rule 12(b)(6) motion. While other courts have exercised discretion to consider successive Rule 12 motions, Defendant has not presented any facts to suggest discretion is warranted here. *Cf. Banko v. Apple, Inc.*, No. 13-02977 RS, 2013 WL 6623913, at *2 (N.D. Cal. Dec. 16, 2013) (the court exercised discretion to consider defendant's second 12(b)(6) motion after plaintiff amended complaint). Some courts have considered successive Rule 12 motions when there is no evidence that the successive motions were filed for the purpose of delay. *See Davidson v. Countrywide Home Loans, Inc.*, No. 09–CV–2694–IEG JMA, 2011 WL 1157569, at *4 (S.D. Cal. Mar. 29, 2011); *In re Apple Iphone Antitrust Litig.*, 846 F.3d at 318–19 (collecting cases).

The Court recommends declining to exercise such discretion here. Defendant's request for leave contemplates filing a Rule 12(b)(6) motion but does not provide a credible reason for its failure to file such a motion simultaneously with its Rule 12(b)(5) motion. Instead, as its basis for not filing the Rule 12(b)(6) motion, Defendant feigns confusion as to whether the FAC is the operative complaint. ECF 20. The law is clear, however, that the FAC supersedes the original complaint. *See supra* Section II. Thus, the Court finds that allowing a delayed Rule 12(b)(6) motion would reward Defendant's frivolous argument and defeat the purpose of Rule 12(g)(2) to prevent "piecemeal consideration of a case." Fed. R. Civ. P. 12(g) advisory committee's note to

7

1963 amendment; *see also* Fed. R. Civ. P. 1.  Therefore, the Court recommends the District Court deny Defendant's request for leave to file a Rule 12(b)(6) motion.  Pursuant to Rule 12(h)(2), Defendant may raise its defense of failure to state a claim in a Rule 12(c) motion after filing a responsive pleading.

### IV. CONCLUSION

For the reasons set forth above, the Court recommends that the District Court deny Defendant's motion to dismiss, instruct Defendant to treat the FAC as the operative pleading, and deny Defendant's request for leave to file a motion pursuant to Rule 12(b)(1), Rule 12(b)(6), Rule 12(e), and Rule 12(f).

**SO RECOMMENDED.**

Dated: 6/2/2017

SUSAN VAN KEULEN
United States Magistrate Judge