**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LINDA THOMPSON, <br> Plaintiff, <br> v. <br> STANFORD UNIVERSITY, <br> Defendant. | Case No. 16-cv-06826-BLF <br><br> **ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

On November 28, 2016, Plaintiff Linda Thompson ("Thompson") filed the instant suit against Defendant Stanford University ("Stanford"). Compl., ECF 1. Thompson alleges that Stanford terminated her on the basis of age, disability and retaliation. *See generally id.* Thompson later filed a first amended complaint ("FAC") on January 20, 2017. However, Thompson did not serve any of her pleadings until the FAC was served on March 10, 2017, eleven days beyond the 90-day requirement of Fed. R. Civ. Proc. 4(m). ECF 12, 13.

On March 29, 2017, Stanford filed a motion to dismiss for untimely service under Fed. R. Civ. Proc. 12(b)(5), which this Court referred to Magistrate Judge Susan van Keulen for Report and Recommendation ("R&R"). ECF 21. On June 2, 2017, Judge van Keulen issued her R&R, recommending that the Court deny Stanford's motion to dismiss as well as its request for leave to file successive motions to dismiss. *See generally* R&R, ECF 24. Judge van Keulen recommends that this Court exercise its discretion to retroactively extend the time for service at least because Thompson would be severely prejudiced if the case were dismissed. R&R 4-5. According to the R&R, Stanford's request for leave to file various Rule 12 motions should be denied because Stanford has not provided a good reason why the grounds for its 12(b)(6), Rule 12(e), and Rule 12(f) motions were not raised contemporaneously with its instant Rule 12(b)(5) motion. *Id.* at 6-7.

Stanford timely objected to the R&R on June 16, 2017. Obj., ECF 25. The Court addresses below each of the objections to Judge van Keulen's R&R made by Stanford.

## I. LEGAL STANDARD

A district judge may not designate a magistrate judge to hear and determine a motion to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A); *Estate of Conners v. O'Connor,* 6 F.3d 656, 659 (9th Cir.1993) (" '[I]t was not intended that the magistrate would have the power to hear and determine dispositive motions"). A judge may, however, under § 636(b)(1)(B), designate a magistrate judge to hear a motion to dismiss and submit proposed findings of fact and recommendations for the disposition of such a motion. Where a party files written objections to the proposed disposition, "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record." Fed. R. Civ. Proc. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Hunt v. Pliler*, 384 F.3d 1118, 1123 (9th Cir. 2004) ("With respect to dispositive matters, a magistrate is only permitted to make recommendations for final disposition by an Article III judge who reviews his findings and recommendation, if objected to, de novo.") (citation and alterations omitted).

## II. DISCUSSIONS

### A. The Court Will Exercise Its Discretion to Retroactively Extend Time for Service

Stanford contends that in recommending a denial of its motion to dismiss, the R&R fails to properly weigh Thompson's lack of a good faith attempt to timely serve the complaint and the prejudice to Stanford. Obj. 4-5. The R&R did not find "good cause" on the part of Thompson in for the delay in serving the complaint and Stanford does not dispute that. R&R 3-4; Obj. 3-4. Rather, Stanford takes issue with the following step in the inquiry – whether absent good cause, the Court should exercise its discretion to retroactively extend time for service of the complaint. The Court will analyze this issue below.

As a preliminary matter, the Court first identifies the correct legal rule to apply here. In determining whether a court should exercise its discretion to retroactively extend the time for service of the complaint absent good cause, the Ninth Circuit directs the courts to "consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual

2

service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Given that the R&R has identified and applied this legal standard, the Court concludes that the R&R has identified the correct legal rule. R&R 3.

The Court now applies this rule to determine whether discretion should be exercised to retroactively extend the time for service of the complaint absent good cause. First, with respect to the "actual notice of a lawsuit and eventual service," Stanford acknowledges in its recitation of the factual background that there was actual notice of the lawsuit and eventual service. Mot. to Dismiss 3, ECF 16. These factors thus weigh in favor of exercise of discretion. Turning to the factor of prejudice, Stanford argues that the R&R fails to weigh the prejudice against it. Stanford contends that the R&R did not consider that Thompson's claims arise from conduct spanning four to six years in the past and that Stanford would suffer prejudice having to defend claims that would be time-barred absent this Court's retroactive extension of time. Obj. 5. After considering Stanford's claim of prejudice, the Court finds that the factor of "prejudice" does not weigh against exercise of this Court's discretion. Stanford fails to establish a nexus between the alleged prejudice and the delay of eleven days. The alleged prejudice arising from four to six years in the past is not the focus of the inquiry here. Rather, Stanford must show a nexus between the alleged prejudice and the additional eleven days were the retroactive extension be granted. *Id.*; *see Lemoge v. United States*, 587 F.3d 1188, 1196, 1198 (9th Cir. 2009) (finding that the defendant fails to "indicate how it would have changed its strategy" to show prejudice, and ruling that extending time to complete service was appropriate). Stanford's conclusory argument in support of prejudice fails to show how it would have acted differently if the pleading were to be timely served eleven days before. The Court thus finds that the showing of prejudice is inadequate to find in favor of Stanford and this factor is at best neutral.

Lastly, Stanford does not object to the R&R's analysis of the remaining factor – statute of limitations bar. The Court thus need not reiterate that analysis here but only to say that the R&R reasonably found this factor to be severely prejudicial to Thompson. R&R 5. In conclusion, almost all factors weigh strongly in favor of this Court's exercise of discretion and only the "prejudice" factor is neutral. Accordingly, the Court finds that it should exercise its discretion to

3

1    retroactively extend the time for service of the complaint.

2    As to Stanford's objection that the R&R must also take into account "whether the plaintiff has attempted in good faith to comply with the requirements of Rule 4(m)" to make extension decisions, this objection is without support. This factor is notably absent in both *Efaw v. Williams* and *Bender v. Nat'l Semiconductor Corp.* cases relied upon by Stanford. 473 F.3d 1038, 1041 (9th Cir. 2007); No. 09-01151-JSW, 2009 WL 4730896, at *3 (N.D. Cal. Dec. 7, 2009). As such, the prevailing case law does not support Stanford's objection that this additional factor must be taken into account. Stanford's citation to a second circuit case is also unavailing because the case is not binding. Nonetheless, the R&R has already taken into consideration in the initial analysis that Thompson has not attempted in good faith to comply with the requirements of Rule 4(m) and thus failed to establish good cause. R&R 3-4. Stanford does not object to that determination. Thompson's lack of good faith to comply with the Rule 4(m) requirement is no longer relevant in the subsequent determination of whether this Court should exercise its discretion to extend the time for service of the complaint. Regardless, applying the applicable legal rule and considering all the relevant factors, this Court concludes that it should exercise its discretion to retroactively extend the time for service of the complaint.

### B. Thompson's FAC is the Operative Complaint

Stanford also argues that it did not know what the operative pleading was so it should be granted leave to file successive Rule 12 motions. Obj. 5. According to Stanford's interpretation of Fed. R. Civ. Proc. 15, governing amendment of a complaint, Thompson did not have a right to amend the complaint if the complaint has not been served. *Id.* at 6. As such, Stanford contends that it reasonably sought clarity from the Court as to what the operative pleading was before filing other Rule 12 motions. *Id.* at 7.

The federal rule of civil procedure governing amendment of the complaint is as follows. Under Fed. R. Civ. Proc. 15(a), a party may amend its pleading once as a matter of course within (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend

4

only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Once filed, an amended complaint supersedes the original complaint in its entirety. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Here, Thompson amended her complaint before serving Stanford the complaint, and was allowed to do so as a matter of right under Rule 15(a)(1), given that it was within 21 days after serving the complaint. *See also* Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment ("[T]he right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f)."); *Ramirez*, 806 F.3d at 1007 (collecting cases). The Ninth Circuit, as well as the Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment, thus clearly recognize this right to amend a complaint until 21 days after service of the complaint. *Ramirez*, 806 F.3d at 1007 (noting that "until a responsive pleading is filed or a final judgment dismissing the case is entered, the plaintiff 'had an absolute right to amend'") (citing *Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 977 (9th Cir.2008)). In attempt to support its objection, Stanford does not address these precedential authorities but seeks to distinguish *Green v. Southfield,* one of the cases cited in the R&R in support of Thompson's right to amend her initial complaint. Obj. 7; No. 15-13479, 2016 WL 692529, at *4 (E.D. Mich. Feb. 22, 2016) (holding that Rule 15 does "not require the original complaint to be served in order to trigger the right to make one amendment as a matter of course"). Stanford argues that the facts or procedural posture in *Green* was allegedly different from this case. However, this conclusory argument fails to explain how *Green*'s holding turned on any differences between *Green* and this case. In light of the plain text of Fed. R. Civ. P. 15 and the prevailing Ninth Circuit authorities, the Court determines that the operative pleading is the FAC.

### C. The Court Denies the Request for Leave to File Successive Rule 12(b)(6), Rule 12(e), and Rule 12(f) motions

Stanford challenges the recommendation that leave be denied for a successive filing of Rule 12(b)(6), Rule 12(e), and Rule 12(f) motions.[1] Stanford argues that it should not be expected

---

[1] Because leave of court is not necessary for filing a Rule 12(b)(1) motion for lack of subject matter jurisdiction, Stanford does not appear to challenge the recommendation in connection with the Rule 12(b)(1) motion. Nonetheless, the Court also finds the R&R well-reasoned in that this

5

to bring these motions as it did not know what the operative pleading was. Obj. 5. It further claims that Rule 12(g)(2) barring successive motions should only apply to a situation where the successive motions were filed for the "sole purpose of delay." *Id.*

Fed. R. Civ. Proc. 12(g)(2) provides that a party who makes a motion under Rule 12 cannot make a subsequent Rule 12 motion raising a defense or objection that was available to the party but omitted from its earlier motion. Further, Rule 12(h)(1) provides that failure to raise objections under Rule 12(b)(2)-(5) results in a complete waiver of those defenses. Stanford does not dispute that its anticipated defenses and objections pursuant to Rule 12(b)(6), Rule 12(e), and Rule 12(f) motions were available to it at the time it filed the instant Rule 12(b)(5) motion. ECF 16 at 7-8. Therefore, Rule 12(g)(2) would prohibit Stanford from filing these successive Rule 12 motions.

The Court now turns to Stanford's objection that the Court should exercise its discretion to consider successive Rule 12 motions. Courts have exercised their discretion to consider a successive motion if the motion is not for the "sole purpose of delay." *See Kilopass Tech. Inc. v. Sidense Corp.*, No. 10-02066-SI, 2010 WL 5141843, at *3 (N.D. Cal. Dec. 13, 2010) (citation omitted). In light of the fact that Stanford has not presented a prior Rule 12(b)(6) motion and thus has not tested the pleadings and the fact that such consideration whether Plaintiff has properly pled her claims will assist the Court in its management of the case, the Court will exercise it discretion to allow Stanford to file its intended Rule 12 motion. The Court has also considered its liberal application of the rules in allowing Thompson additional time to serve the complaint where she lacked good cause. Thus, the Court does exercise its discretion to consider a successive motion. The Court will allow a single motion under Rule 12, limited to the 18 pages for such motion.

**D. Order**

For the foregoing reasons, Stanford's objections to the R&R are OVERRULED IN PART and GRANTED IN PART. ADOPTING the R&R IN PART, the Court DENIES Stanford's motion to dismiss, and exercises its discretion to retroactively extend the time for service of

---

Court's leave is not necessary for a Rule 12(b)(1) motion.

6

process. The Court GRANTS Stanford leave to file a successive Rule 12 motion, limited to 18 pages.

**IT IS SO ORDERED.**

Dated: June 26, 2017

_____
BETH LABSON FREEMAN
United States District Judge